March 4, 1977

## 77-10 MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

### Drug Enforcement Administration's Authority to Impose Civil Penalties

This is in response to your memorandum posing the question whether the Administrator of the Drug Enforcement Administration (DEA) has the power to fix and settle civil penalties under 21 U.S.C. § 842(c)(1), as amended by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, § 402(c)(1), 84 Stat. 1236, 1262, without instituting litigation to obtain an enforceable judgment. We are of the opinion that it does not.

Under § 842(c)(1), which imposes a civil penalty, the Federal district courts have jurisdiction to enforce the penalty. That jurisdiction is both original and exclusive, as appears from the face of the Act and from its legislative history. The House Report on the Comprehensive Drug Abuse Prevention and Control Act of 1970 described jurisdiction to enforce § 402 in the following terms:

> "The U.S. District Court or otherwise proper U.S. court having jurisdiction of matters of this nature shall have jurisdiction to enforce this paragraph." H.R. Rep. No. 91-1444 (Part 1), 91st Cong., 2d Sess. 47 (1970), reprinted in [1970] U.S. Code Cong. & Ad. News 4566, 4615.

Moreover, it is evident from the structure of the Act that Congress intended penalties to be imposed through the courts rather than through administrative action by the Attorney General or his designees.

For example, § 508 of the Act, listing powers of enforcement personnel, does not include any authority whatever to adjudicate violations of the statute or to impose penalties. Section 511, respecting forfeitures of property, requires that they be made in accordance with governing rules of judicial procedure unless incident to a valid warrant, arrest, prior judgment, or equivalent authority. Section 512(a) authorizes the courts—but not the Attorney General or the Administrator—to issue injunctions to forbid violations of Title II of the Act (which includes

24

§ 402), in accordance with the Federal Rules of Civil Procedure. Section 512(b) provides jury trials for violators. As a final example, § 513 authorizes persons threatened with enforcement action to show cause why they should not be prosecuted. The House Report states that "[t]his proceeding is generally intended to cover technical violations by registrants, and allows for administrative compliance, if possible, before court action is initiated."

Only the courts of the United States can impose the penalties described in § 402; the Act contains no indication to the contrary. Therefore, the Administrator may not rely on the authority of 31 U.S.C. §§ 952 and 953 to "settle, compromise, or close claims" arising out of the activities of DEA. While those provisions would support DEA action to collect a civil penalty once imposed, they do not empower the Administrator to levy it himself. The claims-collection procedure cannot be invoked until a penalty has been imposed by a court of proper jurisdiction.[1]

In summary, the Administrator is not authorized to adjudicate violations of 21 U.S.C. § 842 or to impose civil penalties under § 842(c)(1). Jurisdiction to do so is vested exclusively in the courts of the United States. The appropriate means to enforce the civil penalties provided for in that section are through a civil action in district court. If a judgment and penalty result, the Administrator may then proceed to collection or settlement.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[1] The term "claims" has a more restricted meaning than might at first be thought. 4 CFR § 102.6, for example, does not serve to define "claims" generally. It simply states that agencies seeking the collection of statutory penalties, forfeitures, or debts provided as an enforcement aid should consider suspension or revocation of licenses on the part of violators who delay in making payment. A number of Federal agencies have express statutory authority to adjudge violations of law or regultion and to impose statutory penalties. DEA does not.